IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOST REVEREND FRANK J. DEWANE, as
Bishop of The Diocese of Venice in Florida,

       Plaintiff,

    v.

AMERICAN FUNDS SERVICE COMPANY,

       Defendant.

CASE NO. 8:09-CV-705-T17-MAP

## DEFENDANT AMERICAN FUNDS SERVICE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

       The Complaint should be dismissed with prejudice because Plaintiff as a matter of law cannot state a claim that it was entitled to value its redemption of its mutual fund shares on September 30, 2008. The Complaint admits that American Funds Service Company ("AFS") received Plaintiff's redemption order on Monday, September 29, 2008. AFS was therefore required under SEC Rules 22c-1(a) and (b)(1) to price Plaintiff's redemption of shares at the net asset value ("NAV") calculated on that date. Additionally, Plaintiff has failed to adequately plead the elements of a claim for breach of contract.

## I.

## INTRODUCTION

       The Court should grant this Motion to Dismiss with prejudice because Securities and Exchange Commission ("SEC") Rule 22c-1 resolves as a matter of law the single issue in this case—*i.e.*, What was the proper date for AFS's pricing of mutual fund shares that Plaintiff redeemed? 17 C.F.R. § 270.22c-1(a). Rule 22c-1(a) provides that a registered investment

company (commonly known as a "mutual fund") or a person authorized to consummate transactions in the investment company's securities, such as AFS, must redeem the investment company's shares "at a price based on the current net asset value of such security which is next computed after receipt of . . . an order to purchase or sell such security[.]"  17 C.F.R. § 270.22c-1(a).  Rule 22c-1(b)(1) requires calculation of the net asset value or "NAV" at least once daily, Monday through Friday.  *See* 17 C.F.R. § 270.22c-1(b)(1).

Because the Complaint admits that AFS received Plaintiff's order by Monday, September 29, 2008, AFS was required under Rule 22c-1(a) and (b)(1) to price Plaintiff's redemption of shares at the NAV calculated on that date.  Specifically, the Complaint alleges that Plaintiff sent its order to sell its American Funds shares to AFS "on September 26, 2008, a Friday, for next day delivery." (*See* Complaint ¶ 15.)  It further alleges that AFS received the order by the following Monday, September 29, 2008.  (Complaint ¶ 16.)  Thus, Plaintiff cannot as a matter of law state a claim that it was entitled to the price on the following day, September 30, 2008.  Additionally, Plaintiff has failed to adequately plead the elements of a viable claim for breach of contract.  Consequently, the Court should dismiss the Complaint pursuant Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.

## BACKGROUND

AFS is a wholly-owned subsidiary of Capital Research and Management Company, the investment adviser to the American Funds family of mutual funds.  The American Funds is one of the three largest mutual fund families in the United States.  AFS's responsibilities with respect to the funds include processing redemptions and handling phone calls from shareholders and their financial advisers related to account inquiries and transactions.

## III.

## ARGUMENT

A.  **The Complaint Fails To State A Claim Because SEC Rule 22c-1 Required Redemption On The Date AFS Received The Order.**

The Complaint should be dismissed with prejudice because Plaintiff as a matter of law cannot state a claim that it was entitled to value its redemption of shares on September 30, when the applicable SEC rules required AFS to price the redemption based on the NAV for September 29, 2008.[1]

The Investment Company Act of 1940 and the rules of the SEC, promulgated thereunder, regulate the purchase and sale of mutual fund shares. SEC Rule 22c-1 provides that a registered investment company (commonly known as a "mutual fund") or a person (such as AFS) authorized to consummate transactions in the investment company's securities, must redeem the investment company's shares "at a price based on the current net asset value of such security which is next computed after receipt of . . . an order to purchase or sell such security[.]" 17 C.F.R. § 270.22c-1(a), *promulgated under* the Investment Company Act of 1940, § 22, *codified at* 15 U.S.C. § 80a-22. Rule 22c-1(b)(1) requires calculation of the net asset value or "NAV" at least once daily, Monday through Friday. *See* 17 C.F.R. § 270.22c-1(b)(1).

The Complaint alleges that AFS received Plaintiff's liquidation (redemption/sale) request on September 29 and it liquidated Plaintiff's account based on the net asset value for that day,

---

[1] On a motion to dismiss, the plaintiff's factual allegations are assumed true, and they must be sufficient to raise a right to relief beyond a speculative level. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008). If those allegations fail to raise a right to relief, dismissal is appropriate. *Id.* Further, a district court may dismiss a complaint with prejudice if "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

which would have been the net asset value first computed after the receipt of Plaintiff's sale order. (Complaint ¶¶ 16-17.)[2]  By law, AFS was required to value the liquidation based on the net asset value for September 29, 2008.  17 C.F.R. § 270.22c-1.  Every other allegation in the Complaint is immaterial.[3]  Consequently, Plaintiff cannot state a claim upon which relief can be granted.  Because Plaintiff in the Complaint has admitted facts that require dismissal of its claim, any amendment would be futile and this action should be dismissed with prejudice.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

**B.**     **The Complaint Fails To State A Claim For Breach Of Contract.**

The Complaint should also be dismissed because it fails to state the necessary elements of a claim for breach of contract.  Specifically, Plaintiff has failed to state a claim because Plaintiff fails to allege facts establishing the existence of a contract between it and AFS.[4]

---

[2] Plaintiff's "letter of authorization" was far from clear in its instruction.  It requested that Plaintiff's account be "settled" on September 30, 2009.  *See* Complaint, Exh. A.  The term "settlement" has a precise meaning in the mutual fund/securities industry, meaning the actual *transfer of funds* from the mutual fund to seller, which is not the same as the transaction or valuation date.  *See* 17 C.F.R. § 240.15c6-1 (defining the "settlement cycle" as "payment of funds and delivery of securities").  Accordingly, as a matter of law, even by the terms of its letter, Plaintiff did not actually direct that the redemption transaction take place on September 30, 2008.

[3] "A contract which violates a provision of the constitution or a statute is void and illegal and, will not be enforced in our courts."  *Harris v. Gonzalez*, 789 So. 2d 405, 409 (Fla. 4th DCA 2001).

[4] The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  There must be some *factual* showing of the grounds on which Plaintiff is allegedly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3.  "It is not . . . proper to assume that [Plaintiff] can prove facts that it has not alleged."  *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983).  And if Plaintiff's *factual* allegations fail to state a claim on which relief can be based, dismissal is appropriate.  *Twombly*, 550 U.S. at 555-56.

To state a claim for breach of contract, Plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to "a certain and definite proposition." *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999). The Complaint fails to allege any facts demonstrating the existence of a contract between Plaintiff and AFS. The letter attached to the Complaint was a redemption order, not a "contract." *See* Complaint ¶ 14, Ex. A. Such a unilateral request by one party is insufficient to create a binding contract.

The allegations in this case are similar to those in *Watson Wyatt & Co. v. NBD Bank*, 1998 U.S. Dist. LEXIS 9541 (E.D. Mich. 1998). In *Watson Wyatt*, the third-party plaintiff had contacted the third-party defendant mutual fund company and requested that its redemption proceeds be wired to it on April 1, 1997. *Id.* at *21. The proceeds were not wired on that day. The plaintiff alleged the defendant breached its contract because the defendant had an obligation to act in accordance with its request to wire the proceeds on April 1, 1997. *Id.* The court concluded that based on these allegations, no "contractual obligations" existed. *Id.* at *21-22. Accordingly, Plaintiff's breach of contract claim should be dismissed.

## IV.

## CONCLUSION

For all the foregoing reasons, AFS respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

DATED: April 21, 2009

Respectfully submitted,

By: s/ Paul A. McDermott___

OF COUNSEL:
GARETH T. EVANS

COUNSEL OF RECORD:
MICHAEL L. CHAPMAN

5

email: gevans@gibsondunn.com
ANDREW J. DEMKO
email: ademko@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Fla. Bar No. 843555
PAUL A. MCDERMOTT
Fla. Bar No. 855901
HOLLAND & KNIGHT LLP
100 North Tampa St., Suite 4100
Tampa, FL 33602
Telephone: 813.227.8500
Facsimile:  813.229.0134
michael.chapman@hklaw.com
paul.mcdermott@hklaw.com

*Attorneys for Defendant*
*American Funds Service Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of April, 2009, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of

Electronic Filing to:

Bruce W. Barnes, Esq.
BRUCE W. BARNES, P.A.
28050 U.S. Highway 19 North
Suite 408
Clearwater, FL 33761

s/ Paul A. McDermott
Attorney

# 6241354_v2